IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Hilda L. Solis, | NO. C 08-05083 JW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| Vigilance, Inc., et al., | |
| Defendants. | |

## I. INTRODUCTION

Hilda L. Solis,[1] Secretary of Labor, United States Department of Labor, ("Plaintiff") brings this action against Vigilance, Inc. ("Vigilance") and Vigilance, Inc. 401(k) Plan ("the Plan") (collectively, "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1191c. Plaintiff alleges that Defendants failed to provide for the prudent and complete termination of its employee's retirement fund.

Presently before the Court is Plaintiff's Motion for Default Judgment Against Defendants. (hereafter, "Motion," Docket Item No. 13.) The Court conducted a hearing on June 22, 2009. Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiff's Motion for Default Judgment.

## II. BACKGROUND

**A.   Factual Background**

In a Complaint filed on November 7, 2008, Plaintiff alleges as follows:

---

[1] This case was originally brought by the former Secretary of Labor, Elaine L. Chao. (Complaint for Violations of ERISA at 1, hereafter, "Complaint," Docket Item No. 1.) This case is now being prosecuted by the current Secretary, Hilda Solis.

Plaintiff is the current Secretary of Labor for the United States Department of Labor. Defendant Vigilance is a forfeited foreign corporation that provided supply chain event software to supply chain application vendors. (Complaint ¶ 4.)

Defendant Vigilance was the Plan Administrator and Named Fiduciary of the Plan, as defined under ERISA § 3(3). (Complaint ¶¶ 3, 7.) The Plan was sponsored by Defendant Vigilance, and funded with employee deferral contributions, discretionary matching contributions and discretionary non-elective contributions. (Id. ¶¶ 4, 14.) The Plan's directed Trustee is State Street Bank and Trust Co. ("State Street"). (Id. ¶ 13.) As of October 22, 2008, the Plan had eighteen participants and $218,418.06 in Plan assets. (Id. ¶ 14.)

Around June 2004, Defendant Vigilance ceased operations of its business located in Sunnyvale, California. (Complaint ¶¶ 4, 9.) Defendant's last corporate statement, filed with the California Secretary of State on January 12, 2004, identified Russell Gunderson as Defendant Vigilance's Chief Executive Officer and Registered Agent, and Rozanne Rapozo as Defendant Vigilance's Secretary and Chief Financial Officer. (Id. ¶ 9.) On May 18, 2006, Defendant Vigilance's right to do business as a California foreign corporation was forfeited by the California Secretary of State and Franchise Tax Board. (Id. ¶ 10.) At no time did Defendant Vigilance take sufficient steps to terminate and distribute the Plan's assets to its eligible participants and beneficiaries. (Id. ¶ 11.) Currently, State Street will not authorize distributions of the Plan's assets to Plan participants without direction from a properly-appointed fiduciary or a court-appointed independent fiduciary. (Id. ¶ 13.)

On the basis of the allegations outlined above, Plaintiff alleges a single cause of action for equitable relief based on 29 U.S.C. § 1132(a)(5). (Complaint at 4.)

**B.**  **Procedural History**

On November 7, 2008, Plaintiff filed this action. (See Docket Item No. 1.) On December 30, 2008, the Court granted Plaintiff's motion to serve Defendants through the California Secretary

of State. (See Docket Item No. 5.) On January 6, 2009, Plaintiff served the Summons, Complaint, and Order Granting Application to Serve Process on the California Secretary of State. (See Docket Item No. 6.) On April 28, 2009,[2] as a result of Defendants' failure to answer the complaint, Plaintiff filed a motion for entry of default. On May 1, 2009, the Clerk of Court entered default. (See Docket Item No. 12.)

Presently before the Court is Plaintiff's Motion for Default Judgment.

## III.  STANDARDS

Pursuant to Fed. R. Civ. P. 55(b)(2), a party may move the court for an entry of default judgment. The grant of a default judgment is within the discretion of the court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV.  DISCUSSION

Plaintiff moves the Court for an entry of default judgment against Defendants, and seeks to remove Defendant Vigilance as fiduciary of the Plan and appoint an independent fiduciary to terminate the Plan and distribute the Plan's funds to its participants and beneficiaries. (Motion at 2.)

**A.   Default Judgment**

The decision to grant or deny a default judgment under Fed. R. Civ. P. 55(b) is within the discretion of the Court. See Eitel, 782 F.2d at 1471- 72. Although there is strong public policy

---

[2] The original Motion for Entry of Default was filed on February 18, 2009, but it was filed incorrectly and was not accepted until a corrected motion was filed on April 28, 2009. (See Docket Item No. 8.)

3

1  favoring decisions on the merits, it is only one factor among several to be considered. Thus, the
2  Court examines whether, under the other Eitel factors, default judgment is appropriate in this case.
3     First, Defendants have failed to defend the action or otherwise communicate with the Court.
4  Thus, Defendants have made no showing of excusable neglect. If Plaintiff is not granted default
5  judgment, the participants and beneficiaries of the Plan will have no way to access their funds and
6  may be without any recourse for recovery. Chao v. Zoltrix, Inc., No. 07-00610, 2007 WL 2990429,
7  at *3 (N.D. Cal. Oct. 11, 2007); Chao v. Azon Employees Ret. Plan, No. 06-CV-1006, 2007 WL
8  4287784, at *3 (N.D.N.Y. Dec. 4, 2007). The Court finds that Defendants' failure to demonstrate
9  excusable neglect, measured against the possibility of prejudice to Plaintiff, favors default judgment.
10    Second, once the Clerk of Court enters default, all well-pled allegations regarding liability
11 are taken as true except as to the amount of damages. Fair Housing of Marin v. Combs, 285 F.3d
12 899, 906 (9th Cir. 2002). Here, the Clerk of Court entered default on May 1, 2009. Upon review of
13 Plaintiff's Complaint, the Court finds that Plaintiff has adequately alleged violations of §§ 402(a),[3]
14 404(a)(1)(A),[4] (a)(1)(B),[5] and (a)(1)(D)[6] of ERISA. Thus, the merits of Plaintiff's claims are
15 deemed valid. Since the allegations are taken as true, there is no possibility of a dispute concerning
16 material facts. Therefore, these factors favor granting default judgment for Plaintiff.
17    With respect to the sum of money at stake, a large amount of money in dispute generally
18 weighs against granting default judgment. See Eitel, 782 F.2d at 1472. Here, Plaintiff only seeks
19 equitable relief. However, the Court looks to the amount in the Plan to more fully analyze this
20 factor because the Plan participants have a considerable amount at stake. The Plan contains

---

[3] A named fiduciary, who "shall have the authority to manage the operation and administration of the plan," must be provided. 29 U.S.C § 1102(a).

[4] A fiduciary shall discharge its duties to provide benefits to participants and their beneficiaries in the plan or to defray costs of administering the plan. 29 U.S.C. § 1104(a)(1)(A).

[5] A fiduciary shall discharge its duties "with the care, skill, prudence, and diligence under the circumstances." 29 U.S.C. § 1104(a)(1)(B).

[6] A fiduciary shall discharge its duties "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D).

4

$218,418.06. Although this is a substantial amount of money, this is not money that Defendant Vigilance stands to lose. Instead, the money constitutes contributions made to an ERISA-governed 401(k) plan, which belongs to the Plan participants, and for which the beneficiaries of the Plan are entitled to have a fiduciary. Thus, the Court finds this factor favors default judgment.

In sum, the Court finds that the Eitel factors weigh in favor of granting of default judgment. Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment.

**B. Remedy**

Plaintiff contends that Saakvitne Law Corporation ("Saakvitne") should be appointed as an independent fiduciary for the Plan to collect, marshal, pay out, and administer all of the Plan's assets and take any further action as appropriate, including terminating the Plan when all of its assets are distributed to all eligible participants and beneficiaries. (Motion at 3.) Plaintiff also contends that Saakvitne should receive $3,500 in reasonable fees and expenses, payable from the assets of the Plan. (Id.)

Under ERISA, an action for equitable relief may be brought by the Secretary of Labor in order "to enjoin any act or practice that violates any provision of [Title I of ERISA], or to obtain other appropriate equitable relief to redress such violation or to enforce any provision of [Title I]." 29 U.S.C. § 1132(a)(5). Such relief includes the appointment of an independent fiduciary to carry out the proper administration and management of benefit plans. Donovan v. Mazzola, 716 F.2d 1226, 1238-39 (9th Cir. 1983); Zoltrix, 2007 WL 2990429, at *3; Azon Employees Ret. Plan, 2007 WL 4287784, at *4.

Here, Plaintiff has alleged that the appointment of an independent fiduciary is necessary to administer the Plan and effectuate its termination. (Complaint at 4.) In support of her request for equitable relief, Plaintiff provides the declaration of Negussie A. Abraha ("Abraha"), a senior ERISA compliance investigator.[7] Abraha, after conducting an investigation into the status of

---

[7] (Motion, Ex. A, Declaration of Senior Investigator Negussie A. Abraha in Support of the Secretary's Motion for Default Judgment Against Defendant Vigilance, Inc., hereafter, "Abraha Decl.," Docket Item No. 13.)

Defendants, concluded that Vigilance no longer exists as a company and had abandoned the Plan by failing to name a successor fiduciary to manage it. (Abraha Decl. ¶¶ 1 & 5.) Further, Abraha declares that she "consulted with several independent fiduciaries about the process of terminating the Plan and attendant costs." (Id. ¶ 7.) Based on her consultations with various independent fiduciaries, and her experience with other independent fiduciaries appointed to do similar work, Abraha determined that Saakvitne's proposal to act as fiduciary for the Plan for a fee of $3,500 is reasonable and consistent with the market for such services. (Id. ¶¶ 7-8.) Thus, the Court finds it appropriate to remedy Defendants' ERISA violations through the appointment of Saakvitne as a fiduciary for the Plan

Accordingly, the Court GRANTS Plaintiff's request to appoint a Saakvitne as fiduciary for the Plan.

### V. CONCLUSION

The Court GRANTS Plaintiff's Motion for Default Judgment, and appoints Saakvitne Law Corporation as the independent fiduciary of the Plan. Judgment shall be entered in favor of Plaintiff and against Defendants accordingly.

Dated: July 9, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Danielle Lee Jaberg jaberg.danielle@dol.gov
Mary Katherine Alejandro alejandro.mary@dol.gov

**Dated: July 9, 2009**                                              **Richard W. Wieking, Clerk**

                                                                                    **By:   /s/ JW Chambers**
                                                                                              **Elizabeth Garcia**
                                                                                              **Courtroom Deputy**